Judgment reversed.

---

## GEORGE KELLY ET AL.
### v.
## THE KELLY SCROLL MFG. CO.

JURISDICTION—INFRINGEMENT OF PATENT.—Where neither the bill for an injunction, nor the decree granting it, sought to enforce rights or to redress wrongs dependent upon or growing out of a contract, but simply to restrain infringement of a patent. *Held*, that the State court had no jurisdiction. The exclusive jurisdiction of all suits brought to restrain infringement of patents is in the federal courts.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding. Opinion filed January 6, 1885.

This was a bill in chancery, brought by the Kelly Scroll Section Manufacturing Company against George Kelly, Henry D. Smalley and the Kelly Covering Company, for an injunction. A preliminary injunction having been awarded, the defendants appeared and filed a demurrer to the bill, which being overruled, the defendants elected to abide by their demurrer, and a decree was thereupon rendered making the injunction perpetual.

The bill alleges that the complainant is a corporation organized under the laws of this State, for the purpose of manufacturing and selling non-conducting and fire proof covering for steam boilers, drums and pipes; that the original subscribers for stock in said corporation were George Kelly,

George H. Leonard, Loren Greene and Henry D. Smalley, Smalley and Greene being subscribers for 350 shares each, Kelly for 250 shares and Leonard for 50 shares; said shares being of the par value of $100 each; that at the first meeting of stockholders, said Kelly, Greene, Smalley and Leonard were elected directors for the term of one year from October 7, 1882; that the goods proposed to be manufactured and sold consisted of several kinds of pipe covering of a novel and peculiar design and construction, for which letters patent had been granted to said Kelly; that Kelly at the time was engaged in manufacturing and selling said patented articles in a small way, but was in a crippled financial condition; that he represented to the persons who proposed to organize said corporation, that if he had capital and credit sufficient to advertise said goods and keep a considerable stock on hand, there would be great profit in the business; that after considerable negotiation, the corporation was formed, it being agreed that Kelly should have 250 shares of stock and a considerable sum of money in notes and cash, which was paid him, and also that he should be appointed superintendent of the company's factory, for one year, at a salary of one hundred dollars per month, in pursuance of which agreement he was so appointed and served for one year, and was paid for his services; that in consideration of said stock and money, and of the advantages to be gained by him from said corporation, said Kelly executed and delivered to the corporation the following agreement:

"This agreement, made this 26th day of October, 1882, by and between George Kelly, of the city of Chicago, Cook county, in the State of Illinois, party of the first part, and the Kelly Scroll Section Manufacturing Company, of the same place, party of the second part, witnesseth:

"That, whereas, the said George Kelly claims to be the owner and inventor of several valuable inventions of steam pipe covering, and of a fire proof window shutter, and improvements on said several articles, discovered and invented by him, and that he is also the owner of letters patent granted to him on one of such inventions of steam pipe covering by the commissioner of patents of the United States, numbered and

Kelly v. The Kelly Scroll Mfg. Co.

bearing date as follows: No. — and bearing date, —, 1881, and the said second party, desiring to purchase all of said patents and all inventions, for the purpose of manufacturing said patented articles and inventions, and to control the same exclusively. Now, therefore, be it known that I, George Kelly, party of the first part, in consideration of the sum of one hundred thousand dollars to me in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged, have sold, assigned, transferred and conveyed, and by these presents do hereby sell, assign, transfer and convey, unto the said Kelly Scroll Manufacturing Company, all my right, title and interest in and to all of said inventions and letters patent, except the patent granted to me February 25, 1879, number 212,607. And I do further agree to take all necessary action and use my best endeavors to procure the said several unpatented inventions to be patented by the commissioner of patents of the United States, and such other countries as said second party may require, for the use and benefit of the said Kelly Scroll Section Manufacturing Company exclusively, and any letters patent granted or allowed on either or any of such inventions, shall belong to and be the property of said second party, its successors and assigns, in whosesoever name the same may be allowed or issued.

"And I further covenant and agree, that any and all inventions and improvements in steam pipe covering hereafter made and discovered by me, shall belong to and be the property of said second party, its successors and assigns, and I will use my best endeavors to procure the same to be patented for the use and benefit of said second party, the expense of all patents hereafter procured on any of such inventions to be procured at the expense of said company.

" In witness whereof I have hereunto set my hand and seal the day and year first above written.

" GEORGE KELLY."

Said agreement was duly acknowledged by said Kelly, and on the 23d day of January, 1883, it was filed and recorded in the United States patent office.

The bill further alleges that, in addition to said general

assignment of said patents, said Kelly made several assignments by which he assigned each of his patents to the complainant; that no goods have been manufactured under said patent number 212,607; that since the organization of said corporation, said Kelly and Smalley have disposed of all their stock for very considerable sums of money and are no longer stockholders; that said Smalley was the secretary of the corporation and was fully aware of said agreement between it and said Kelly.

The bill further alleges that Kelly and Smalley, on or about the first day of February, 1884, after they had ceased to be stockholders or interested in said corporation, combined and procured to be organized a corporation under the laws of this State, called the Kelly Covering Company, its object and purpose being to manufacture and sell covering for steam pipes, boilers, etc., being the same business as that for which the complainant was organized, and in which it was engaged; that the Kelly Covering Company advertises itself as manufacturing and dealing in non-conducting covering at 186 East Jackson street, Chicago, with said Kelly as general agent and said Smalley as manager; that the complainant, since its organization, has spent large sums of money in advertising its business and placing its goods before the public; that it has a very large and profitable business and is well known throughout the United States and Canadas as the manufacturers of a very superior article of steam pipe and non-conducting covering; that the said Kelly Covering Company is manufacturing the same goods as those manufactured by the complainant, and which the complainant has the exclusive right to manufacture and sell under the several patents so assigned to it by said Kelly.

The bill charges that Kelly and Smalley adopted the name " The Kelly Covering Company" for the purpose of deceiving the public and to injure and defraud the complainant; that the Kelly Covering Company is offering its goods at a very low price and below the price at which the business can be carried on with profit, and is doing so in order to enable itself to use the market which the complainant has established, and

Kelly v. The Kelly Scroll Mfg. Co.

to injure and defraud the complainant, and that it is doing the complainant great and irreparable injury.

The prayer of the bill is that Kelly, Smalley and the Kelly Covering Company may be enjoined from manufacturing, selling, applying or advertising iron pipe, steam pipe or non-conducting pipe covering, and also a general prayer for relief.

The decree perpetually enjoins the defendants and each of them "from manufacturing or selling any non-conducting steam pipe or other covering, the patent right to manufacture which was ever owned by the defendant, George Kelly, and by him assigned or agreed to be assigned, either by general or special assignment, to the complainant. From this decree the defendants have appealed to this court.

Mr. MASON B. LOOMIS, for appellants; as to jurisdiction, cited Curtis on Patents, 3d Ed. §§ 288, 496; High on Injunctions, § 602; Parkhurst v. Kinsman, 2 Halst. Ch. 600; Dudley v. Mayhey, 3 Comst. 14; Elmer v. Pennel, 40 Me. 434; Parsons v. Barnard, 7 Johns. 144.

Mr. GEORGE H. LEONARD, for appellee; that the State court has jurisdiction in this class of cases, cited Myers v. Turner, 17 Ill. 179; Hildreth v. Turner, 17 Ill. 184; Edmunds v. Myers, 16 Ill. 207; Miller v. Young, 33 Ill. 354; Linington v. Strong, 90 Ill. 556; Hollida v. Hunt, 70 Ill. 109.

BAILEY, J. The entire object and scope of the bill in this case, as we understand it, is to restrain the defendants from manufacturing, selling or dealing in certain goods which the complainant claims to hold the exclusive right to manufacture and sell, under letters patent from the United States. These letters patent were originally issued to and owned by Kelly, one of the defendants, and were by him assigned to the complainant. The instrument by which the assignment was made, in addition to assigning to the complainant one or more patents then already in existence, contained an agreement on Kelly's part to use his best endeavors to procure letters patent for certain other inventions of like character, which he

had then made, the same when issued to belong to and become the property of the complainant; and also an agreement that his subsequent inventions and improvements in relation to the same class of manufactured articles, should belong to the complainant, and that he would use his best endeavors to procure letters patent therefor for its use.

There is no complaint in the bill of any breach of any of the terms or conditions of the agreement. So far as appears, Kelly did all he undertook to do by way of procuring letters patent for his unpatented inventions, and turning the same over to the complainant. The complaint is, that Kelly and the other defendants are engaged in the business of manufacturing and selling the goods which the complainant has the exclusive right to manufacture and sell, under the several patents assigned to it by Kelly, and the prayer of the bill is that he may be restrained from so doing. The decree also is limited to merely enjoining the defendants from manufacturing or selling any of the patented articles covered by the letters patent assigned or agreed to be assigned by Kelly to the complainant.

It will thus be seen that the case presented by the record is one purely and simply of an alleged infringement of certain patent rights. Neither the bill nor the decree seeks to enforce rights or to redress wrongs dependent upon or growing out of a contract. No agreement is set up, either on the part of the defendants or of Kelly, not to engage in manufacturing and selling the articles in question, but the only ground upon which the complainant seeks to have the defendants debarred from engaging in that business is, the exclusive right or monopoly secured to it by its letters patent.

Section 629 of the Revised Statutes of the United States confers upon the United States Circuit Courts original jurisdiction, among other things, of all suits at law or in equity arising under the patent or copyrights laws of the United States; and again, by section 711, it is provided that the jurisdiction of said courts in all cases arising under said laws shall be exclusive of the courts of the several States. Section 4921 further provides that the several courts vested with ju-

risdiction of cases arising under the patent laws, shall have power to grant injunctions to prevent the violation of any right secured by patent.

These statutes are too plain to require comment. The exclusive jurisdiction of all suits brought to restrain infringements of patents is in the federal courts. This doctrine is clearly announced in the decisions cited by counsel for the appellants. It follows that the superior court had no jurisdiction, and that the demurrer to the bill should have been sustained. The decree will be reversed with directions to the court below to sustain the demurrer, and for further proceedings not inconsistent with this opinion.

Decree reversed.